■ Hirsch & Co., Appellant, v. Warren B. Pattiz, Respondent.— Order, entered on February 20, 1963, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion to strike answer and direct entry of judgment in the amount of $8,156.83, with interest from July 15, 1962, granted, with $10 costs. On May 24, 1962, after making several margin calls to which defendant did not respond, plaintiff stock brokerage firm sent a telegram to defendant advising him that if it did not receive a specified additional margin payment by 3 :00 P.M. of the following day, it would " sell at the market at that time or as soon thereafter as practicable ". No additional payments having been forthcoming, plaintiff sold some shares on May 25, 1962 and additional shares on succeeding days, finally closing out the account on June 1, 1962 by selling the shares that still remained in it. Telegrams preceded each sale. Defendant's defenses and counterclaim assert in essence that plaintiff breached their trading agreement by allowing the securities to be undermargined and by failing to liquidate the account promptly. In the broadest terms this agreement gives plaintiff the right in its discretion to sell without prior notice to or demand upon defendant and also provides that " any indulgence " by plaintiff to defendant shall not constitute a waiver of any of its rights. The trading agreement also stated that all transactions should be subject to the Rules and Regulations of the American Stock Exchange, among other agencies and institutions, which rules and regulations defendant contends were violated by the conduct of plaintiff in permitting his account to be undermargined and in not liquidating it promptly. As of June 29, 1962, however, a month after liquidation of his account, defendant confirmed in writing the statement of his account containing the particulars

of the sales of his securities and the resulting debit balance. Also, in the course of his examination before trial defendant testified unequivocally that he asked plaintiff "to extend as much consideration as possible", not to sell indiscriminately and to "exercise as much discrimination in selling as possible." It is clear that whatever contract rights flowed to defendant by incorporation through reference of the rules of the exchange into the trading agreement (and, see, *Nichols & Co.* v. *Columbus Credit Corp.*, 204 Misc. 848, affd. 284 App. Div. 870) were unmistakably waived by him. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.